Iskra L. Angulo GUTIERREZ, Petitioner,

v.

Peter D. KEISLER,* Acting Attorney General, Respondent.

No. 07–71237.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 1, 2007 **.

Filed Oct. 10, 2007.

Iskra L. Angulo Gutierrez, Anaheim, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, OIL, DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: B. FLETCHER, BERZON and IKUTA, Circuit Judges.

MEMORANDUM ***

This is a petition for review of the Board of Immigration Appeals' ("BIA") order adopting and affirming an Immigration

---

* Peter D. Keisler is substituted for his predecessor, Alberto R. Gonzales, as Acting Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Judge's order denying petitioner's application for cancellation of removal.

A review of the administrative record demonstrates that petitioner has presented no evidence that she has a qualifying relative as defined in 8 U.S.C. § 1229b(b)(1)(D). *See Molina–Estrada v. INS,* 293 F.3d 1089, 1093–94 (9th Cir. 2002). The BIA therefore correctly concluded that, as a matter of law, petitioner was ineligible for cancellation of removal.

Further, the administrative record demonstrates petitioner cannot meet the requisite ten year continuous physical presence requirement because she departed from the United States for a period exceeding 180 days as defined in 8 U.S.C. § 1229b(d)(2). The BIA therefore correctly concluded that, as a matter of law, petitioner was ineligible for cancellation of removal on this ground as well.

Accordingly, respondent's unopposed motion for summary disposition is granted because the questions raised by this petition for review are so insubstantial as not to require further argument. *See United States v. Hooton,* 693 F.2d 857, 858 (9th Cir.1982) (per curiam).

The temporary stay of removal and voluntary departure confirmed by Ninth Circuit General Order 6.4(c) and *Desta v. Ashcroft,* 365 F.3d 741 (9th Cir.2004), shall continue in effect until issuance of the mandate.

All other pending motions are denied as moot.

**PETITION FOR REVIEW DENIED.**